UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAYEN BIAR DIING,

    Plaintiff,

v.

CASE NO. 1:10-CV-1191

HON. ROBERT J. JONKER

RONALD E. GRAESER,

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 40), as well as Objections made by Defendant (docket # 42). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

**Analysis**

In his Report and Recommendation, Magistrate Judge Brenneman recommends that Defendant's Motion to Dismiss based on Plaintiff's alleged failure to exhaust his administrative remedies (docket # 19) be denied. (docket # 40, at 1.) The Magistrate Judge concludes that Plaintiff exhausted Grievance No. MCF-9-01-18-28i ("Grievance 18") prior to filing this lawsuit, and that dismissal on this basis is therefore improper. (*Id.* at 11.) Defendant objects, arguing that Plaintiff failed to exhaust his administrative remedies under MDOC Policy Directive 03.02.130, and that Plaintiff's Complaint (docket # 1) should be dismissed as a result. (docket # 42, at 1.) After a de novo review of the record, the Court adopts the Report and Recommendation.

Plaintiff filed Grievance 18 against Defendant on January 5, 2009, claiming that Defendant's alleged inadequate medical treatment constituted deliberate indifference under the Eighth Amendment. (docket # 1-5, at 4.) The Step I grievance was rejected because Plaintiff "did not indicate he attempted to verbally or via institutional kite system resolve the issue with . . . [Defendant] prior to filing the grievance . . . ." (*Id.*) Plaintiff filed a timely Step II appeal, which was denied on February 25, 2009. (*Id.* at 5.) However, the reasons for this denial are unknown, as the Step II response is not a part of the record. Plaintiff then filed a Step III appeal, which was also denied. In the Step III response, the investigator states, in relevant part, that:

> All relevant information was considered. Based on this review, this writer finds the appeal to Step Three is untimely, violating the provisions of . . . 03.02.130 . . . .
>
> The Grievance record supports the Step Two response was issued on February 25, 2009. We did not receive the appeal to Step Three until June 19, 2009. The Grievant failed to present any evidence to support he was prevented from a timely appeal due to circumstances beyond his control. This investigator has reviewed the record presented with the appeal to Step Three. All relevant information was considered. Based on this review, this writer finds the responses provided at Steps One and Two

>adequately address the merits of the main issue grieved. This grievance appeal is denied.

(*Id.* at 6.) Defendant argues that there is no evidence that Plaintiff's grievance was ever considered on the merits, and that dismissal based on Plaintiff's failure to properly exhaust his administrative remedies is therefore appropriate.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). However, the "failure to exhaust is an affirmative defense . . . and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 217. Consequently, Defendant bears the burden of demonstrating Plaintiff failed to administratively exhaust his claims prior to filing this lawsuit—a burden he fails to carry on the facts of this record. *Id.*

As the Magistrate Judge correctly noted, "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). Here, it is unclear why Plaintiff's Step III appeal was denied. The Step III response begins by noting that Plaintiff's appeal was untimely, but does not provide any clear indication that it relied on this procedural defect to reject Grievance 18. Rather, the Step III response goes on to state that all matters of record were considered, and denied the appeal because "Steps One and Two adequately address the merits of the main issue grieved." (docket # 1-5, at 6.) Turning to the Step I and II responses, it is clear that the Step I grievance was rejected because Plaintiff failed to first attempt to verbally resolve the issue with Defendant. (*Id.* at 4.) However, the Step II response is not in the record, and it is therefore impossible for the Court to divine its content. The Step II response may have included a detailed

3

analysis of the merits of Plaintiff's claim, or it may have simply reaffirmed the Step I procedural rejection, which denied Plaintiff's claim because he failed to attempt to verbally resolve his problem with Defendant. In any event, the absence of the Step II response from the record must be resolved against Defendant. Therefore, for the purposes of this Motion, the Court presumes that Plaintiff's Step II grievance was considered and rejected on the merits. The Step III response's failure to unambiguously reject Plaintiff's claim for its lack of timeliness, coupled with the reference to the "merits" rejection that was based in part on the Step II response that is not in the record, requires the Court to conclude that Defendant failed to carry its burden of proof under *Jones* and its progeny.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 27, 2012 (docket # 40) is **ADOPTED** as the opinion of this Court, and that Defendant's Motion to Dismiss (docket # 19) based on Plaintiff's alleged failure to exhaust his administrative remedies is therefore **DENIED**.

Dated:   March 13, 2012            /s/ Robert J. Jonker
                                               ROBERT J. JONKER
                                               UNITED STATES DISTRICT JUDGE