UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAYEN BIAR DIING,

        Plaintiff,

                              CASE NO. 1:10-CV-1191

v.

                              HON. ROBERT J. JONKER

RONALD E. GRAESER,

        Defendant.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 50) and Plaintiff's Objections to Report and Recommendation (docket # 51). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds the Report and Recommendation to be both factually sound and legally correct. Plaintiff's objections in essence simply reassert the principal claims raised in his § 1983 petition. The Report and Recommendation fully addresses those claims. The Magistrate Judge carefully and thoroughly considered the record in the case and properly applied the law to the facts. Nothing in the objection changes the analysis.

Plaintiff complains of medical complications related to the IVC filter installed in one of his blood vessels. Plaintiff says that he notified Defendant Graeser that the IVC filter needed to be surgically removed and that Defendant Graeser ignored him. But the record establishes beyond genuine dispute that Defendant Graeser in fact responded to Plaintiff's medical complaints, albeit not with the particular diagnosis or treatment Plaintiff preferred. The Eighth Amendment does not permit this Court to second-guess the informed decisions of trained medical professionals. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (disagreement over medical treatment does not make out a claim under the Eighth Amendment); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Nor does the Eighth Amendment guarantee prisoners the best or most effective medical treatment; only that prison officials will not act with "deliberate indifference" to inmates' physical ailments. *Estelle*, 429 U.S. at 104. The Magistrate Judge correctly concluded that there is no evidence of deliberate indifference in this case. (Report and Recommendation, docket # 50,

at 9.) At most, the record establishes that Defendant Graeser made an informed medical choice among viable treatment alternatives. To subject that decision to Eighth Amendment constitutional scrutiny would set this Court up as a perpetual arbiter of medical standards of care, and that is not a proper function of the Eighth Amendment. That Amendment protects against deliberate indifference to serious medical need, and the record does not support such a claim here.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 50) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Graeser's Motion to Dismiss and/or for Summary Judgment (docket # 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's action is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that, for the same reasons the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

                                                  /s/Robert J. Jonker
                                                ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE

Dated:  January 17, 2013